1 | DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
2 | JULIE M. GLOSSON, Trial Attorney (#230709)
  | U.S. Department of Justice
  | Office of the United States Trustee
3 | 235 Pine Street, Suite 700
  | San Francisco, CA 94104
4 | Telephone: (415) 705-3333
  | Facsimile: (415) 705-3379
5 | Email: julie.m.glosson@usdoj.gov

6 | Attorneys for Acting United States Trustee
  | AUGUST B. LANDIS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re ) Case No. 10-34540 TEC
)
**DOMINADOR R. RAMOS, JR.** ) Chapter 7
**and PETRONILA D. RAMOS**, )
)
)
Debtors. )
)

## STIPULATION FOR DISGORGEMENT OF FEES AND OTHER RELIEF

August B. Landis, the Acting United States Trustee for Region 17, including the Northern District of California ("U.S. Trustee"), and the Debtors' attorneys, Crispin Lozano and Carl De La Cruz, hereby stipulate to the following:

///
///
///
///
///
///
///
///
///

- 1 -

# RECITALS

1. Debtors Dominador R. Ramos, Jr. and Petronila D. Ramos filed for relief under chapter 7 on November 17, 2010.

2. Debtors paid $2,000 to the Law Office of Crispin C. Lozano for representation in this chapter 7 bankruptcy case.

3. Attorney Crispin C. Lozano ("Lozano") signed the voluntary petition filed by the Debtors.

4. Attorney Carl De La Cruz ("De La Cruz"), also of the Law Office of Crispin C. Lozano, appeared at the meeting of creditors on December 22, 2010 and January 26, 2011.

5. Lozano and De La Cruz prepared the petition, schedules, Statement of Financial Affairs and other required documents filed in this case.

6. At the time of filing and throughout the duration of the chapter 7 case, Debtors operated a residential care facility.

7. Debtors were directed by the chapter 7 trustee, E. Lynn Schoenmann, to close the business or file a motion to abandon the residential care home business.

8. On December 23, 2010, Debtors, assisted by Lozano and De La Cruz, filed a Motion for Abandonment of the care facility and the real property where the facility operated. The hearing on the motion was set for January 28, 2011.

9. Relief was not granted on January 28, 2011 because the Motion for Abandonment was not properly noticed by Debtors' attorneys.

10. Following the hearing, the Court entered an order shortening time for notice on the Motion, however, the Order shortening time was not properly served and Debtors' attorneys re-noticed the hearing on the Motion for March 28, 2011.

11. Prior to the filing of the chapter 7 case, Lozano and De La Cruz failed to recognize that the Debtors would not be authorized to continue to operate their residential care facility after commencement of the chapter 7 case.

12. Lozano and De La Cruz also failed to advise the Debtors of the options available under other chapters under Title 11 where Debtors would be authorized to continue operating their residential care business.

13. Prior to the filing of the chapter 7 case, Lozano and De La Cruz failed to advise Debtors to cease operations prior to commencement of the chapter 7 case.

14. On the voluntary petition filed by Debtors, Lozano and De La Cruz failed to identify this case as a health care business as that term is defined in section 101(27A).

15. The petition was amended to indicate this case as a health care business on January 27, 2011, after the U.S. Trustee brought this deficiency to the attorney of De La Cruz.

## STIPULATIONS

16. The parties hereby agree to resolve the U.S. Trustee's concerns about the representation of the Debtors in this case as follows:

17. No later than fourteen (14) days after the Order approving this Stipulation is entered, Lozano and De La Cruz, jointly and severally, shall refund $2,000 to the Debtors by delivering to the U.S. Trustee at 235 Pine Street, Suite 700, San Francisco, CA 94104, a check in certified bank funds payable to the Debtors;

18. No later than June 3, 2011, Lozano and De La Cruz each shall complete 10 hours of bankruptcy-related continuing legal education;

19. No later than June 17, 2011, Lozano and De La Cruz, individually, shall file a declaration evidencing completion of the continuing legal education identifying the course name, provider, date of program, and number of hours for each course;

20. Lozano and De La Cruz acknowledge that they failed to advise the Debtors prior to filing the chapter 7 case to cease operations of their residential care facility;

21. Lozano and De La Cruz acknowledge that they failed to advise the Debtors of the available options under Title 11;

22. Lozano and De La Cruz acknowledge that they failed to properly identify this case as a health care business as that term is defined by Section 101(27A);

23. Lozano and De La Cruz agree to abide by the provisions of the Bankruptcy Code, Bankruptcy Rules, and Guidelines, including but not limited to understanding the definition of a health care business and the limitations on operating a business in chapter 7;

24. The U.S. Trustee and Lozano and De La Cruz agree that each party shall bear their own

- 3 -

attorneys fees in connection with this Stipulation;

25. The Parties further agree that should the Court not approve this Stipulation for any reason that the U.S. Trustee may seek appropriate relief before the Court as the U.S. Trustee deems appropriate; and

26. The Parties further agree that this Stipulation does not limit in any way the relief the U.S. Trustee may seek if the Court rejects this Stipulation.

27. The Parties further agree that this Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of the Stipulation, and supersedes any and all prior oral or written agreements and understandings.

**IT IS SO AGREED:**

Dated: 3/29/11                                      /s/ Crispin C. Lozano
                                                    Crispin C. Lozano

Dated: 3/25/2011                                    /s/ Carl De La Cruz
                                                    Carl De La Cruz

Dated: 4/7/2011                                     August B. Landis, Acting U.S. Trustee

                                                    By: /s/ Julie M. Glosson
                                                    Julie M. Glosson
                                                    Attorney for the U.S. Trustee

- 4 -